# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2010

Lyle W. Cayce
Clerk

No. 10-50170
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAULINO CRUZ-RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-947-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Paulino Cruz-Ramos (Cruz) appeals the sentence imposed following his guilty plea conviction of being unlawfully present in the United States following removal. The district court sentenced Cruz to 46 months imprisonment and three years supervised release, a sentence at the bottom of the guidelines range.

Cruz contends that the sentence was unreasonable because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He maintains that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guideline on which his sentence was based, U.S.S.G. § 2L1.2, was not grounded in empirical data, resulting in excessive guidelines ranges, even in a normal case. He claims that the guidelines sentence range was excessive because his prior federal drug conviction both increased his offense level by 16 and produced five criminal history points. Cruz also asserts that the sentence was too severe because his offense was minor, amounting to nothing more than a trespass, and his personal history and characteristics mitigate the seriousness of the offense.

The district court considered and rejected Cruz's arguments for a sentence below guidelines range. With explicit reference to the § 3553(a) factors and the arguments made during allocution, the court determined that a sentence within the guidelines range was appropriate. Even if we assume arguendo that § 2L1.2 is not based on empirical data, the presumption of reasonableness still applies to sentences within a guidelines range properly calculated under § 2L1.2. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Both the international trespass and the double counting of prior convictions contentions that Cruz raises have been advanced previously in this court without success. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). As Cruz was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Cruz has not shown sufficient reason to overcome that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.